UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

VIRGIL DURHAM,

     Plaintiff,

V.

WARDEN DAVID GREEN, *et al.*,

     Defendants.

Civil Action No. 0: 22-114-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Virgil Durham is a prisoner currently confined at the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. Proceeding without an attorney, Durham has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants David Green (Warden), Nurse Jennifer Blanton, and an Unknown Doctor ("Dr. Doe"), each of whom is sued in both their individual and official capacities. [R. 1] By prior Order, the Court granted Durham's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 6] Thus, the Court must conduct a preliminary review of Durham's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Durham's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true,

and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Durham's complaint [R. 1] alleges that he has been treated for seizures and a debilitating anxiety disorder.  He further alleges that, although he has been prescribed medications such as Prozac to address these issues, the EKCC Medical Department failed to provide him with his medication from July 5, 2022, through August 9, 2022.  He claims that, as a result, he experienced frequent blackouts and seizures, which he states is a known side-effect of being forced to go off of Prozac "cold turkey."

Durham further alleges that, on August 9, 2022, he awoke on his top bunk around 5:30 a.m. and, after speaking to his cellmate, experienced a seizure/blackout and fell over 5 feet onto the concrete floor, landing on his face and breaking his cheekbone in several places.  He states that it took 30 minutes to get anyone's attention and to get medical staff to respond.  He states that he was taken to the Morgan County ARH, where he was examined by Ronald C. Fleming, DO, and the emergency room staff.  Upon his return to EKCC, he states that neither the medical staff nor the institution took any pictures to document the incident.  He claims that he tried to take and send pictures via a J-Pay/Securus kiosk machine, but the pictures were deleted and rejected by the staff at the institution before being sent.

Based upon these allegations, he seeks to sue Defendants pursuant to 42 U.S.C. § 1983 for violating his rights under the Eighth Amendment.  Specifically, he claims that Blanton failed to reorder his medication, which resulted in the blackout/seizure that caused his fall from his bed.  He further alleges that Dr. Doe should have known "they were acting illegally by denying Plaintiff…the 'serious medical needs' he was entitled under the Eighth Amendment." [R. 1 at p. 9]  Finally, he alleges that David Green, as Warden of EKCC, is "directly responsible for the daily

2

administration and safety and security of the Plaintiff." [*Id*. at p. 9]  He further states that "[e]ach cell is equipped with a speaker and intercom that connects each cell to the control tower in each dorm," and "[i]t is the responsibility of the prison official who is assigned to that dorm to respond to any call from the cells." [*Id*.]  Even so, Durham states that, on the morning of the incident, "[d]ue to the neglect of prison authorities there was a delay of over 45 minutes before Plaintiff was given any medical attention." [*Id*.]  As relief, Durham seeks monetary damages from each Defendant, declaratory relief, and injunctive relief.

After reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court concludes that Durham's official capacity claims against all of the Defendants must be dismissed for failure to state a claim for which relief may be granted.  An "official capacity" claim against a government official is not a claim against the officer arising out of their conduct as an employee of the government but is actually a claim directly against the governmental agency which employs them. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted).  Thus, Durham's "official capacity" claims against Warden David Green and Blanton (whom he identifies as an employee at EKCC) are actually claims against the Kentucky Department of Corrections ("KDOC"), the agency that employs Green and Blanton.

However, as an agency of the Commonwealth of Kentucky, *see* Ky. Rev. Stat. § 12.250, the KDOC is not subject to suit under § 1983 in federal court.  The Eleventh Amendment of the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state

officials sued in their official capacities.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018).  Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F.3d 396, 417 n.11 (6th Cir. 2019).  Thus, Durham may not pursue claims against either Green or Blanton in their official capacities.

Nor does Durham's complaint adequately plead an "official capacity" claim against Dr. Doe.  According to Durham, Dr. Doe is employed by Wellpath, a medical contractor for EKCC, thus the "official capacity" claim against Dr. Doe is construed as being made against Wellpath.  A private corporation that performs a public function, such as contracting with a state to provide health care for its prisons, may be found to act under color of law for purposes of § 1983.  *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991).  Nevertheless, "respondeat superior alone cannot create liability under § 1983."  *Id.* at 748-49.  Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom."  *Id.* at 749.  "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."  *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citations omitted).

Thus, Wellpath is only liable under § 1983 if its employees cause injury by carrying out the corporation's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), and a plaintiff must specify the corporate policy or custom which he alleges caused his injury.  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).  Durham has not alleged or identified a policy or custom of Wellpath that resulted in the alleged violation of a constitutional

right, but rather seeks to hold the company liable for the actions of its employee. Accordingly, Durham's complaint fails to state a constitutional claim against Wellpath, thus his "official capacity" claim against its employee Dr. Doe will be dismissed. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).[1]

With respect to his individual capacity claims against Blanton, Green, and Dr. Doe, a defendant's personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County*, 454 U.S. at 325-26. Federal notice pleading requires that, at a minimum, the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Broadly construed, Durham's complaint alleges that Blanton was personally involved in the denial of Durham's medication in violation of his rights under the Eighth Amendment. Thus, his claim against Blanton in her individual capacity may proceed. Because Durham is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve Blanton with a

---

[1] While Durham alleges that Blanton is employed by EKCC and not Wellpath [R. 1 at p. 1-2], if he is mistaken and she is actually employed by Wellpath, this analysis would equally apply to his "official capacity" claims against her.

summons and copy of the complaint on Durham's behalf.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, Durham's individual capacity claims against Green and Dr. Doe will be dismissed for failure to state a claim for which relief may be granted.  Durham alleges that Green, as Warden, is "directly responsible for the daily administration and safety and security of the Plaintiff," [R. 1 at p. 9], thus Green should be held responsible for the delayed response of prison authorities after Durham fell from his bed.  [*Id*.]  However, Green's supervisory status as Warden is an insufficient basis to pursue a § 1983 claim against him, as *respondeat superior* is not an available theory of liability.  *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").  Nor are Green's responses to Durham's grievances a sufficient basis for a §1983 claim against him, as prison officials are not liable under § 1983 for denying or failing to act on grievances.  *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008).  *See also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)).

With respect to his claim against Dr. Doe, Durham alleges only that Dr. Doe "should have known" that he was "acting illegally by denying Plaintiff…the 'serious medical needs' he was entitled under the Eighth Amendment."  [R. 1 at p. 8-9]  However, this allegation is overly broad and entirely conclusory, thus it is insufficient to state grounds for relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").  *See also Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim,... conclusory allegations of unconstitutional

6

conduct without specific factual allegations fail to state a claim.") (quoting *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Thus, because allegations against Durham and Dr. Doe are insufficient to state a claim for relief against either Defendant, Durham's claims against them will be dismissed.

Accordingly, it is **ORDERED** as follows:

1.  Durham's Eighth Amendment claim against Defendant Nurse Jennifer Blanton in her individual capacity **REMAINS PENDING**. The remainder of Durham's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

2.  As the claims against them have been dismissed, Defendants Warden David Green and Unknown Doctor ("Dr. Doe") are **DISMISSED AS DEFENDANTS** from this action.

3.  The Ashland Deputy Clerk shall prepare a "Service Packet" for service upon Defendant Nurse Jennifer Blanton in her individual capacity. This Service Packet shall include:

    a.  a completed summons form;

b.    the complaint [R. 1];

c.    the Order granting Durham *in forma pauperis* status [R. 6];

d.    this Order; and

e.    a completed USM Form 285.

4.    The Ashland Deputy Clerk shall send the Service Packet to the United States Marshals Service in Lexington, Kentucky, and note the date of delivery in the docket.

5.    The United States Marshals Service shall make arrangements with the appropriate officials at the Eastern Kentucky Correctional Complex to personally serve Defendant Nurse Jennifer Blanton at the following address:

Eastern Kentucky Correctional Complex
200 Road to Justice
West Liberty, KY  41472

6.    Durham must immediately advise the Clerk's Office of any change to his current mailing address.  **Failure to do so may result in dismissal of this case.**

7.    If Durham wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office, which includes the case number associated with this action.  Every motion Durham files must include a written certification that he has mailed a copy of it to the defendants or their counsel, with the date of mailing.  **The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.**

This the 26th day of September, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY